UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BENJAMIN CONNALLY KELLY HALL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:21-cv-00002 ) Judge Trauger ) |
| CHERRIE PATRICIA HALL COLEMAN, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Benjamin Connally Kelly Hall, a Tennessee resident, filed a pro se complaint on the basis of diversity jurisdiction against Virginia resident Cherrie Patricia Hall Coleman. (Doc. No. 1.) On February 8, 2021, the court granted the plaintiff permission to proceed as a pauper and ordered him to submit an amended complaint that complied with the Federal Rules of Civil Procedure. (Doc. No. 5.) The court cautioned the plaintiff that failure to submit an amended complaint would result in initial review of the existing complaint. (*Id*. at 3-4.) The plaintiff has not responded to the court's order. Accordingly, the existing complaint (Doc. No. 1) is before the court for initial review.

I.  **Legal Standard**

In reviewing the complaint, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, the court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[L]egal conclusions masquerading as factual allegations will not suffice," *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007), and the court need not accept as true "unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, it is not the role of the court "to ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Even under this lenient standard, pro se plaintiffs must still meet basic pleading requirements, *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and follow the Federal Rules of Civil Procedure. *Jackson v. Dep't of Human Servs.*, No. 3:09-cv-38, 2010 WL 3491165, at *2 (M.D. Tenn. Aug. 31, 2010).

## II. Factual Background

The complaint is short but difficult to parse. The plaintiff alleges that the defendant is acting in a "managerial" capacity to distribute "held monies of an older adult with disabilities." (Doc. No. 1 at 2.) The complaint further alleges that the defendant is ignoring family communications and a demand for an accounting of "all Florida, Texas, and Tennessee known assets . . . not distributed since 1990[.]" (*Id*.) The complaint also claims that the defendant "lacks ability to continue her obligation to distribution monies . . . from sources within our family." (*Id*.)

**III.     Analysis**

The complaint mentions only one potential legal claim: "[f]raud categories." (*Id*.) As the court has previously explained:

> "The concept of fraud encompasses many causes of action in Tennessee." *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 547 (Tenn. Ct. App. 2012). Torts that may be relevant to allegations of fraud include, but are not limited to, negligent or intentional misrepresentation; fraudulent concealment; breach of fiduciary duty; and conversion. *See id*. Because claims sounding in fraud can take a number of different forms, Tennessee requires allegations of fraud to be stated "with particularity," as opposed to generally. *PNC Multifamily,* 387 S.W.3d at 547-549 (explaining that vague or non-specific fraud claims are insufficient). The federal courts have a parallel heightened pleading requirement that also requires a plaintiff alleging fraud to plead the circumstances "with particularity." Fed. R. Civ. P. 9(b). More specifically, a plaintiff claiming fraud in federal court "must allege (1) 'the time, place, and content of the alleged misrepresentation,' (2) 'the fraudulent scheme,' (3) the defendant's fraudulent intent, and (4) the resulting injury." *Wall v. Mich. Rental*, 852 F.3d 492, 496 (6th Cir. 2017) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007)).

(Doc. No. 5 at 1-2 (footnotes omitted)).

The complaint's sparse allegations fall well short of meeting these rigorous "particularity" requirements for a claim sounding in fraud. (*See* Doc. No. 5 at 2-3.) The complaint provides no detail concerning any misrepresentation by the defendant, the defendant's alleged fraudulent scheme, the defendant's fraudulent intent, or any injury to the plaintiff or others resulting from the defendant's alleged conduct. Moreover, the plaintiff declined an explicit invitation to remedy these deficiencies. As a result, the complaint fails to allege any fraud "with particularity" as required by Federal Rule of Civil Procedure 9(b).

## IV. Conclusion

For these reasons, the court concludes that the plaintiff has failed to state a colorable claim sounding in fraud. Because of the non-specific nature of the complaint, however, the plaintiff's fraud claim is **DISMISSED WITHOUT PREJUDICE**. The complaint is **DISMISSED**.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge